Jerry L. PRINCE

v.

VILLAGE OF ROUND LAKE BEACH, et al.

No. 89 C 1456.

United States District Court, N.D. Illinois, E.D.

Jan. 29, 1991.

Kurt A. Richter, James R. Truschke & Associates, P.C., Arlington Heights, Ill., for plaintiff.

William S. Wigoda, Peter A. Nicholson, Horvath & Wigoda, Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

Plaintiff Jerry L. Prince brought suit under 42 U.S.C. § 1983 against defendants Village of Round Lake Beach; E.D. Noe, Chief of Police; and Ricardo Concepcion, a Round Lake Beach police officer. Plaintiff received a judgment in the amount of $284.20. Plaintiff now petitions for attorney's fees and costs pursuant to 42 U.S.C. § 1988. Plaintiff's petition was referred to a magistrate for report and recommendation. The magistrate recommends an attorney's fee award of $3,800 and a cost award of $1,464.40. For the reasons stated below, the court declines to fully adopt the magistrate's recommendation.

Plaintiff did prevail in the suit and, therefore, is entitled to recover attorney's fees. The amount of such an award is determined by calculating the lodestar figure (hours reasonably spent times a reasonable hourly rate) and then making any necessary adjustments. By plaintiff counsel's representations, he worked a total of 42.6 hours. The court, upon a review of court records, has determined that the amount should be adjusted to 39.85 hours. Court entries show that plaintiff's appearance in court on April 11, 1989 could not have exceeded 1.5 hours, with travel, since motion call lasted less than an hour (.5 hour). Similarly, plaintiff counsel's appearance on September 28, 1989 could have only lasted 1.75 hours, including travel, since the duration of motion call was again less than an hour (.75 hour). As for the 2.2 hours in counsel's petition which could be termed "clerical", the court will allow plaintiff to recover those hours.

To formulate the lodestar figure, the hours expended (39.85 hours) is multiplied by a reasonable hourly rate. The court is in agreement with the magistrate that $100 per hour is a more reasonable hourly rate for counsel's situation. On defendants' representations, plaintiff counsel is an associate attorney who has practiced law for under 4 years. Plaintiff counsel has not provided the court with evidence of certain qualifications or experience which would justify a higher rate. The total lodestar figure, then, is $3,985 (the product of 39.85 hours and $100 per hour).

Although plaintiff prevailed, he only partially prevailed. The magistrate took plaintiff's limited success into account when determining a reasonable hourly rate. The court prefers to instead reduce the lodestar by a percentage to reflect plaintiff's limited success. *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989). Plaintiff's success in this case dictates more than a nominal award of attorney's fees. Plaintiff did receive a verdict in his favor which partially vindicated his rights. On the other hand, plaintiff did not receive even half the

amount of his damages request or defendants' settlement offer. "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988." *City of Riverside v. Rivera,* 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986). Having presided over the trial, the court is in a position to make a determination regarding the degree of plaintiff's success. His success may be gauged at approximately 45%—leading to an award of $1,800 in attorney's fees.

■ Plaintiff is also entitled to costs. His cost award, however, is limited to monies expended *before* defendants' offer of settlement. Fed.R.Civ.P. 68. Since plaintiff has failed to include dates corresponding to his cost entries, the court orders that plaintiff submit appropriate documentation so that costs may be determined.